| United States Bankruptcy Court<br>District of Delaware | VOLUNTARY PETITION |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>**Advanced Pipeline Services, LLC** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**Advanced Pipeline Services, LLC** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>**30-07012240** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one state all): |
| Street Address of Debtor (No. and Street, City and State):<br>**6401 Highway 77**<br>**Sinton, TX 78387** | Street Address of Joint Debtor (No. and Street, City and State): |
| County of Residence or of the Principal Place of Business:<br>**San Patricio County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

**Type of Debtor**
Form of Organization
(Check **one** box.)

- [ ] Individual (includes Joint Debtors) *See Exhibit D of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below)

**Chapter 15 Debtors**
Country of debtor's main interest:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Nature of Business**
(Check **one** box.)

- [ ] Health Case Business
- [ ] Single Asset Real Estate as defined 11 USC § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity**
(Check box, if applicable)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check **one** box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. §101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee Attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

**Check one box:**
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. §101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D).

**Check if:**
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliate) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years thereafter).

**Check all applicable boxes:**
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. §1126(B).

**Statistical/Administrative Information**

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | 500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | 500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

| **VOLUNTARY PETITION**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**Advanced Pipeline Services, LLC** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commissionpursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice require by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | Signature of Attorney for Debtor(s)    --    (Date) |

**Exhibit C**

Does the debtor own or have posession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made part of this petition.

☒ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this district, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgement against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgement)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgement for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C § 362(1)).

| **VOLUNTARY PETITION** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Advanced Pipeline Services, LLC** |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Respresentative** |
|---|---|
| I declare under penalty of perjury that the information provided in the petition is true and correct.<br><br>I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>_____<br>*Signature of Debtor*<br><br>_____<br>*Signature of Joint Debtor*<br><br>_____<br>*Telephone Number*<br><br>_____<br>*Date* | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C § 1511 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>_____<br>*(Signature of Foreign Representative)*<br><br>_____<br>*(Printed Name of Foreign Representative)*<br><br>_____<br>*Date* |
| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| **/s/ Matthew P. Ward (DE Bar No. 4471)**<br>*Signature of Attorney for Debtor(s)*<br><br>**Matthew P. Ward (DE Bar No. 4471)**<br>*Printed Name of Attorney for Debtor(s)*<br><br>**Womble Carlyle Sandridge & Rice, LLP**<br>*Firm Name*<br><br>**222 Delaware Avenue**<br>**Suite 1501**<br>**Wilmington, DE 19801**<br>**Email Address: maward@wcsr.com**<br>_____<br>*Address*<br><br>**302-252-4338**<br>_____<br>*Telephone Number*<br><br>**07/20/2015**<br>_____<br>*Date*<br><br>\* In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b), and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notices of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section Official Form 19 is attached.<br><br>_____<br>*Printed Name and title, if any, of Bankruptcy Petition Preparer*<br>_____<br><br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.)<br><br>_____<br>*Address*<br><br>_____<br>*Signature of Preparer*<br><br>_____<br>*Date*<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petiton preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person, individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C.§ 110.)<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 100; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>**/s/ Bruce MacRae**<br>*Signature of Authorized Individual*<br>**Bruce MacRae**<br>*Printed Name of Authorized Individual*<br>**Designated Representative**<br>*Title of Authorized Individual*<br>**07/20/2015**<br>*Date* | |

UNANIMOUS WRITTEN CONSENT OF
THE MANAGEMENT BOARD OF
ADVANCED PIPELINE SERVICES, LLC

Dated as July 8, 2015

The undersigned, being all of the members of the Management Board (the "Board") of Advanced Pipeline Services, LLC, a Delaware limited liability company (the "Company"), hereby consent, pursuant to the provisions of 6 Del. C. §§ 18-101 et. seq. (the "Delaware Limited Liability Company Act") and Section 8.1.8 of that certain Limited Liability Company Agreement of the Company, dated November 2, 2011 (as amended and in effect on the date hereof, the "Operating Agreement"), to the taking of the following actions for and on behalf of the Company. Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms under the Operating Agreement.

## *RESOLUTIONS RELATING TO LIQUIDATION PURSUANT TO THE BANKRUPTCY CODE*

WHEREAS, the Board has had the opportunity to review and consider the financial and operational condition of the Company's business on the date hereof, including the historical performance of the Company's operations, the assets of the Company, the current and long-term liabilities of the Company, the market for the Company's services, industry conditions, and credit market conditions; and

WHEREAS, the Board has also had the opportunity, with the advice of the Company's management and outside advisors, to fully consider the strategic alternatives available to the Company and the potential impact of such alternatives on the Company's business;

NOW, THEREFORE, BE IT RESOLVED, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, equity holders and other interested parties, that the Company liquidate its assets pursuant to the provisions of title 11 of the United States Code, as amended (the "Bankruptcy Code"); and

FURTHER RESOLVED that the Company shall be, and hereby is, authorized to (a) file a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Chapter 7 Petition") in the United States Bankruptcy Court for the District of Delaware or such other court as the Designated Person (defined below) shall determine to be appropriate (the "Bankruptcy Court"); and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the forgoing; and

FURTHER RESOLVED, that Bruce MacRae (the "Designated Person") shall be, and acting alone hereby is, authorized, directed, and empowered on behalf and in the name of the Company to: (a) execute and verify the Chapter 7 Petition and all other documents ancillary thereto, and cause the Chapter 7 Petition to be filed with the Bankruptcy Court and make or cause to be made prior to the execution thereof any modifications to the Chapter 7 Petition or ancillary documents as the Designated Person, in his discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (such approval to be conclusively established by the execution thereof by such Designated Person); (b) execute, verify

and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing or to administer the Company's case under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case"), in such form or forms as the Designated Person may approve; and (c) execute and verify any and all other documents necessary or appropriate in connection with the foregoing, in such form or forms as the Designated Person may approve; and

FURTHER RESOLVED, that the Designated Representative may take any action necessary to effectuate the retention of the law firm of Womble Carlyle Sandridge & Rice, LLP ("WCSR") by the Company so that WCSR may be authorized and empowered to represent the Company as its general bankruptcy counsel on the terms set forth in its engagement letter with the Company and to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including, without limitation, the preparation of pleadings and filings in the Chapter 7 Case; and

FURTHER RESOLVED, that the Designated Person shall be, and hereby is, authorized, directed and empowered to retain such outside professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants or brokers, in each case as in the Designated Person's judgment may be necessary in connection with the Company's Chapter 7 Case or other related matters, on such terms as the Designated Person shall approve; and

FURTHER RESOLVED, that, in addition to the specific authorizations heretofore conferred upon the Designated Person, the Designated Person acting alone is hereby authorized, directed and empowered, in the name and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents and to pay all expenses, included filing fees, in the Chapter 7 Case as in the Designated Person's judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein; and

FURTHER RESOLVED, that all acts lawfully done or actions lawfully taken or to be taken by the Company or the Designated Person in connection with the implementation of these resolutions in all respects are hereby ratified, confirmed and approved; and

FURTHER RESOLVED, that any and all past actions heretofore taken by any officer, manager, employee, agent or representative, in the name and on behalf of the Company, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved; and

FURTHER RESOLVED, that each Manager of the Company is hereby authorized to certify and deliver, to any person to whom such certification and delivery may be deemed necessary or appropriate in the opinion of such Manager, a true copy of the forgoing resolutions.

This consent may be approved in writing or by electronic transmission, and may be in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same consent. If a consent to the resolutions provided for herein is given by a Manager by electronic transmission, or a copy of an executed counterpart or counterpart signature page of this consent is delivered by electronic transmission to the Company, such transmission shall be sufficient evidence of the execution of this consent and

AM 51545730.2

such transmission shall be filed with the minutes of the proceedings of the Board with the same force and effect as if a manually signed counterpart of this consent were personally delivered by such Manager.

[Signature page follows]

AM 51545730.2

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent of the Management Board of Advanced Pipeline Services, LLC as of the date first written above.

_____
Bruce MacRae

_____
Ted Patton